HOWARD & HOWARD ATTORNEYS PLLC
Robert Hernquist, Nevada Bar No. 10616
*rwh@h2law.com*
James A. Kohl, Nevada Bar No. 5692
*jak@h2law.com*
Wells Fargo Tower, Suite 1000
3800 Howard Hughes Parkway
Las Vegas, Nevada 89169-5980
Telephone: (702) 257-1483
Facsimile: (702) 567-1568

*Attorneys for Plaintiffs Broadcast Music, Inc.;
Paul Simon Music; Universal-Song Of Polygram
International, Inc.; Gibb Brothers Music;
Crompton Songs; Songs Of Universal, Inc.;
Screen Gems-EMI Music, Inc.; and Rondor Music
International, Inc. d/b/a Irving Music*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BROADCAST MUSIC, INC.; PAUL SIMON MUSIC; UNIVERSAL-SONG OF POLYGRAM INTERNATIONAL, INC.; GIBB BROTHERS MUSIC; CROMPTON SONGS; SONGS OF UNIVERSAL, INC. SCREEN GEMS-EMI MUSIC, INC.; RONDOR MUSIC INTERNATIONAL, INC. d/b/a IRVING MUSIC;<br><br>    Plaintiffs,<br><br>vs.<br><br>FIVE-STAR RESTAURANTS LLC d/b/a ZEFFERINO; FIVE STAR ENTERPRISES LLC d/b/a Zefferino; DAVID WILLIAMSON; VINCENT SCOTTO; ANTONIO CRIMANI; GENNARO SCOTTO; IDA SCOTTO; and VICTOR SCOTTO<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT** |

1

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 10.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Paul Simon Music is a sole proprietorship owned by Paul Simon. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6. Plaintiff Universal-Songs of Polygram International, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff Gibb Brothers Music is a partnership owned by the Estate of Maurice Ernest Gibb and the Estate of Robin Gibb. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff Crompton Songs is a sole proprietorship owned by Barry Alan Gibb. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff Songs of Universal, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Plaintiff Screen Gems-EMI Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

11. Plaintiff Rondor Music International, Inc. is a corporation doing business as Irving Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

12. Defendant Five-Star Restaurants, LLC is a limited liability company organized and existing under the laws of the state of Nevada, which operates, maintains and controls an establishment known as Zeffirino, located within The Venetian Resort, Hotel and Casino at 3377 Las Vegas Blvd. S, Suite 2095, Las Vegas, Nevada 89109 (the "Establishment").

13. Defendant Five Star Enterprises LLC is a limited liability company organized and existing under the laws of the state of Nevada, which upon information and belief operated, maintained and controlled the Establishment during the relevant time period.

14. In connection with the operation of the Establishment, Defendant Five-Star Restaurants, LLC and/or Five Star Enterprises LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

15. Defendants Five-Star Restaurants, LLC and Five Star Enterprises LLC have a direct financial interest in the Establishment.

16. Defendant Gennaro Scotto is a Managing Member of Defendant Five Star Enterprises LLC with responsibility for the operation and management of that limited liability company and the Establishment.

17. Defendant Gennaro Scotto has the right and ability to supervise the activities of Defendant Five Star Enterprises LLC and a direct financial interest in that limited liability company and the Establishment.

18. Defendant Ida Scotto is a Managing Member of Defendant Five Star Enterprises, LLC with responsibility for the operation and management of that limited liability company and the Establishment.

19. Defendant Ida Scotto has the right and ability to supervise the activities of Defendant Five Star Enterprises LLC and a direct financial interest in that limited liability company and the Establishment.

20. Defendant Victor Scotto is a Managing Member of Defendant Five Star Enterprises LLC with responsibility for the operation and management of that limited liability company and the Establishment.

21. Defendant Victor Scotto has the right and ability to supervise the activities of Defendant Five Star Enterprises LLC and a direct financial interest in that limited liability company and the Establishment.

22. Defendant Vincent Scotto is a Managing Member of Defendant Five-Star Restaurants, LLC with responsibility for the operation and management of that limited liability company and the Establishment.

23. Defendant Vincent Scotto has the right and ability to supervise the activities of Defendant Five-Star Restaurants, LLC and a direct financial interest in that limited liability company and the Establishment.

24. Defendant Antonio Crimani is a Managing Member of Defendant Five-Star Restaurants, LLC with responsibility for the operation and management of that limited liability company and the Establishment.

25. Defendant Antonio Crimani has the right and ability to supervise the activities of Defendant Five-Star Restaurants, LLC and a direct financial interest in that limited liability company and the Establishment.

26. Defendant David Williamson is a Managing Member of Defendant Five-Star Restaurants, LLC with responsibility for the operation and management of that limited liability company and the Establishment.

27. Defendant David Williamson has the right and ability to supervise the activities of Defendant Five-Star Restaurants, LLC and a direct financial interest in that limited liability company and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

28. Plaintiffs repeat and reallege each of the allegations contained in Paragraphs 1 through 27.

29. Since December 2008, BMI has reached out to Defendants over 140 times, by

4

telephone, in-person visits and mail, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

30. Plaintiffs allege ten (10) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

31. Annexed to this Complaint is a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the ten (10) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the establishment where the infringement occurred. A true and correct copy of the Schedule is attached as Exhibit 1.

32. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

33. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights

Certificates of Registration bearing the number(s) listed on Line 6.

34. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

35. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

36. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing willful copyright infringement. Unless this Court restrains Defendants from committing further acts of infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

37. In addition to the 68 separate written notices and Cease and Desist Notices, BMI has also attempted to speak with Defendant David Williamson at least 40 times. Although BMI representatives have left over 30 voice mail messages for Defendant David Williamson, he has not returned any of those telephone calls. On at least five occasions where a BMI representative was able to finally reach Defendant David Williamson via telephone, he promptly hung up and terminated the call as soon as the BMI representatives identified themselves.

38. Defendants' conduct alleged herein has been and will be willful and malicious, as evidenced by the fact that Defendants' infringement has continued even after they received notice of their wrongdoing.

WHEREFORE, Plaintiffs pray that:

A.  Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

B.  Defendants be ordered to pay statutory damages in the maximum amount allowable due to Defendants' willful copyright infringement, pursuant to 17 U.S.C. Section 504(c);

C.  Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

D.  Plaintiffs have such other and further relief as is just and equitable.

HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ Robert Hernquist
Robert Hernquist, Nevada Bar No. 10616
James A. Kohl, Nevada Bar No. 5692

*Attorneys for Plaintiffs Broadcast Music, Inc.; Paul Simon Music; Universal-Song Of Polygram International, Inc.; Gibb Brothers Music; Crompton Songs; Songs Of Universal, Inc.; Screen Gems-EMI Music, Inc.; and Rondor Music International, Inc. d/b/a Irving Music*