# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BROADCAST MUSIC, INC., et al., | Case No. 2:16-cv-02361-APG-CWH |
| Plaintiffs, | |
| v. | **ORDER** |
| FIVE-STAR RESTAURANTS, LLC, et al., | |
| Defendants. | |

Presently before the court is the parties' proposed discovery plan and scheduling order (ECF No. 70), filed on September 7, 2018.

At the hearing held on August 30, 2018, the court granted plaintiffs' motion to withdraw their responses to defendants' requests for admissions on the grounds that withdrawal would promote presentation of the case on the merits and that there was no prejudice to defendants. (*See* Mins. of Proceedings (ECF No. 69).) The court found that fairness dictates defendants should be permitted to take discovery on topics raised in the withdrawn admissions. Thus, the court reopened discovery for the limited purpose of allowing defendants to take discovery on topics raised in the withdrawn admissions. The court explicitly stated that it was not reopening discovery on all topics and that if defendants had not propounded a request for admission on a particular topic, there is no right to conduct discovery on that topic. The court further stated that it contemplated a very short discovery period, i.e., approximately 30 days, with defendants' deadline for filing a new motion for summary judgment to be set 30 days after the close of discovery. The court ordered the parties to meet and confer regarding what additional discovery, if any, is necessary given the withdrawn admissions, and to propose a discovery plan and scheduling order.

///

Based on the proposed discovery plan and scheduling order, the court understands the parties were unable to agree regarding the scope of discovery to be completed. But the parties do not provide the court with information regarding defendants' proposed discovery or plaintiffs' objections. Without the benefit of this information, the court cannot evaluate the relevance and proportionality of defendants' proposed discovery topics to the withdrawn admissions. The court therefore will require an additional meet-and-confer conference. The court emphasizes discovery is being reopened only to allow defendants the opportunity to obtain discovery they would have taken if they had not believed their requests for admission had been deemed admitted. The court expects that the substance of the new discovery requests will be targeted to the topics raised in the requests for admission and will not be redundant of topics that have already have been explored.

Given that defendants' pending motion for summary judgment (ECF No. 38) was based entirely on the withdrawn responses to the requests for admission, that motion is now moot. Defendants acknowledged the motion is moot at the hearing on August 30, 2018, as well as in the proposed discovery plan that is currently before the court. (*See* ECF No. 70 at 2:23-24.) To avoid confusion in the court's docket, defendants are directed to withdraw that motion by September 12, 2018. Otherwise, the court will enter a report and recommendation that the motion be denied as moot.

Regarding plaintiffs' pending motion for summary judgment (ECF No. 37), at the hearing on August 30, 2018, defendants stated on the record that they do not seek supplement their response (ECF No. 60) to that motion. Plaintiffs' motion for summary judgment (ECF No. 37) therefore is ripe for consideration by the United States district judge assigned to this case.

Accordingly,

IT IS ORDERED that the parties' proposed discovery plan and scheduling order (ECF No. 70) is DENIED without prejudice. The parties must meet and confer regarding the scope of discovery to be completed as stated in this order and must file a proposed discovery plan and scheduling order by September 21, 2018.

/ / /

/ / /

1 | IT IS FURTHER ORDERED that defendants must withdraw their moot motion for
summary judgment (ECF No. 38) by September 12, 2018.

DATED: September 10, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE